(74 P.3d 588)
89,380

DENTON JAMES SCHOEN, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

Opinion filed August 15, 2003.

*Michael S. Holland II,* and *Michael S. Holland,* of Holland and Holland, of Russell, for appellant.

*Ted E. Smith,* of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ELLIOTT, P.J., MARQUARDT and MALONE, JJ.

MALONE, J.: Denton James Schoen appeals the district court's judgment upholding his driver's license suspension by the Kansas Department of Revenue (KDR). The issue is whether the district court's finding that the sheriff's deputy complied with Kansas Department of Health and Environment (KDHE) protocol for the Intoxilyzer 5000 breath testing is supported by substantial competent evidence. We affirm.

On July 26, 2001, Osborne County Sheriff's Deputy Aaron Enyeart stopped Schoen's vehicle for speeding. After Enyeart conducted field sobriety tests, Schoen was taken to the county law enforcement center for additional testing. After providing Schoen with the required oral and written notices pursuant to K.S.A. 8-1001(f), Enyeart administered a breath test using the Intoxilyzer 5000. The test revealed Schoen had a blood alcohol level in excess of .08.

Following an administrative hearing February 20, 2002, the KDR suspended Schoen's driving privileges based upon the test failure. Schoen filed a petition for review in Osborne County District Court, and a bench trial was held July 22, 2002. At the bench trial, Enyeart testified that he failed to visually check the tubing running from the simulator solution to the Intoxilyzer 5000 to make sure it was properly attached. Schoen argued to the court that this violated KDHE protocol and, accordingly, the Intoxilyzer results should be inadmissible at trial. The district court rejected the argument, finding that Enyeart had "substantially complied" with KDHE protocol. The district court admitted the evidence and upheld the driver's license suspension.

Schoen was also prosecuted in Osborne County District Court for driving under the influence of alcohol arising from the same

incident. In the criminal case, the same district judge sustained Schoen's motion to suppress the Intoxilyzer results, finding that the State failed to meet its burden that the evidence was admissible.

Schoen timely appeals from the district court's judgment upholding his driver's license suspension.

This court applies a substantial competent evidence standard of review when reviewing a district court's ruling in a driver's license suspension case. *Lincoln v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 635, 637, 856 P.2d 1357, *rev. denied* 253 Kan. 859 (1993). "Substantial evidence" is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated in another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 377, 855 P.2d 929 (1993).

Schoen contends the district court erred in upholding the suspension. Specifically, he argues the court "ignored" Enyeart's testimony regarding the Intoxilyzer testing. Under the Kansas implied consent statutes, with regard to the failure of a breath test, an officer must certify that the testing procedures used were in accordance with the requirements set out by the KDHE. K.S.A. 8-1002(a)(3)(B). The KDHE Intoxilyzer 5000 testing protocol requires the officer to "check to determine that the power switch of the instrument has been activated, the simulator tubing is properly connected, and the simulator is on."

At the bench trial, Enyeart admitted that he failed to visually check the tubing running from the simulator solution to the Intoxilyzer 5000 to make sure it was properly attached. Schoen contends this constituted an admission that the deputy failed to comply with KDHE protocol. Schoen argues that if following KDHE protocol is sufficient to admit the results of an Intoxilyzer breath test, then failure to strictly follow the protocol makes the evidence inadmissible. Schoen relies on language from this court's decision in *Meehan v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 183, 185, 959 P.2d 940 (1998), about reliance on KDHE protocol.

Schoen's argument is without merit because it fails to consider the provisions of K.S.A. 8-1020, which became effective July 1, 2001. This statute governs driver's license suspension administrative hearings. Pursuant to K.S.A. 8-1020(h)(2)(F), if the officer certifies that the person failed a breath test, the scope of the hearing is limited to whether "the testing procedures used *substantially complied* with the procedures set out by the Kansas department of health and environment." (Emphasis added.) Previously, the standard was whether "the testing procedures used were reliable." K.S.A. 2000 Supp. 8-1002(h)(2)(F). Thus, "substantial compliance" is now the rule in determining whether an officer followed the breath testing procedures set out by the KDHE. Furthermore, pursuant to K.S.A. 8-1020(q), upon review in district court, a licensee has the burden to show that the decision of the agency should be set aside.

Here, Enyeart admitted that he failed to *visually* check the tubing running from the simulator solution to the Intoxilyzer 5000 to make sure it was properly attached. However, Enyeart further testified that he could *hear* that the machine was operating normally. Enyeart testified that based upon his experience, he would have heard a difference if the tubing was not properly attached. Enyeart further testified that if the tubing was not properly attached, the machine would not even operate.

In considering Enyeart's testimony, the district court stated: "The protocol doesn't require that he have to physically look at all those things, it just requires that he check, and check is a broad term that can be used to indicate the officer used any of his five senses in order to make certain the machine was running." The journal entry reflecting the court's ruling indicated that the testing procedures "substantially complied" with KDHE procedures. Based upon this correct standard, we conclude the district court's finding in this matter was supported by substantial competent evidence.

Finally, Schoen contends the district court was collaterally estopped from admitting the Intoxilyzer evidence in the driver's license suspension case after the district court suppressed the same evidence in the criminal case. We first observe that the record on

appeal in this case contains nothing from the related criminal case, which precludes meaningful appellate review of this issue. Furthermore, it has been held that the KDR in a driver's license suspension case is not in privity with the State of Kansas in a criminal prosecution for driving under the influence of alcohol so as to invoke the doctrine of collateral estoppel. *Huelsman v. Kansas Dept. of Revenue*, 267 Kan. 456, 458-64, 980 P.2d 1022 (1999).

Affirmed.