(108 P.3d 465)
No. 91,825

MELVIN EBERLE, *Appellant,* v. KANSAS DEPARTMENT OF
REVENUE, *Appellee.*

—

*Opinion*
filed March 25, 2005.

*Leslie A. Hess* and *Laura H. Lewis,* of Dodge City, for appellant.

*Sarah Byrne,* law clerk, and *Dana L. Fanoele,* of Kansas Department of Revenue, for appellee.

Before MARQUARDT, P.J., MCANANY, J., and BRAZIL, S.J.

MARQUARDT, J.: Melvin Eberle appeals the administrative suspension of his driver's license. We affirm.

Eberle was involved in an automobile accident in June 2002 and was transported to law enforcement headquarters where he was given the implied consent advisories. Eberle refused to take the breath test.

"After the refusal, he was released by the officers to his wife, which occurred approximately 23 to 27 minutes later and they walked outside the sheriff's department to their car. At that time, his wife asked him about the breath test and he said he did not take it. His wife, who is the secretary to a county attorney, explained that if he did not take the test his license would be suspended. They

immediately returned to the sheriff's department and talked with both officers, who were still at the sheriff's department and still available to perform the breath test on Appellant. At that time, the officers refused to allow Appellant to perform the breath test . . . ."

Eberle claimed that it was not until that moment that he realized his license would be suspended for failure to take the breath test. Eberle's license was suspended and he requested an administrative hearing. The hearing officer affirmed Eberle's driving suspension. Eberle filed a petition for review, asking the district court to review the suspension. The district court affirmed the suspension. Eberle timely appeals.

Eberle argues that he should have been allowed to rescind his refusal to take the breath test and that the officers' refusal to administer the test was unreasonable.

This court applies a substantial competent evidence standard of review of a trial court's driver's license suspension. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *Schoen v. Kansas Dept. of Revenue*, 31 Kan. App. 2d 820, 822, 74 P.3d 588 (2003).

In *Standish v. Department of Revenue*, 235 Kan. 900, 683 P.2d 1276 (1984), the Kansas Supreme Court concluded that when a person is arrested for driving while under the influence (DUI), after refusal to take a breath test a subsequent consent or request to take a breath test must be made: (1) within a very short and reasonable time after the prior first refusal; (2) when a test administered upon the subsequent consent would still be accurate; (3) when testing equipment is still readily available; (4) when honoring the request will result in no substantial inconvenience or expense to the police; and (5) when the individual requesting the test has been in the custody of the arresting officer and under observation for the whole time since the arrest. 235 Kan. at 902-03.

A breath test is accurate if performed within 2 hours of the original arrest. *State v. Gray*, 270 Kan. 793, 797, 18 P.3d 962 (2001). It is unclear, but probable, that Eberle's request to take the breath test came within that 2-hour period. The Kansas Department of Revenue (KDOR) concedes that the test equipment

was available and the officers could have performed the test without undue hardship.

The KDOR hearing officer found that the "[r]ecission [was] not within a short and reasonable time as required by *Standish*" and that Eberle had been released from official custody.

Although the record on appeal is sparse and contains very few details about the evening in question, it is undisputed that Eberle left the police station with his wife. Thus, he clearly cannot meet all of the *Standish* factors. Although Eberle claims that he did not consume any additional alcohol, we believe the requirement that the suspect not leave the custody of the arresting officers encompasses more than a simple question about alcohol consumption. Once an individual is arrested for DUI and leaves the building, he or she is out of the custody of law enforcement officers; thus, the individual has lost the right to rescind a prior refusal to take the breath test. Accordingly, we agree with the trial court's decision to uphold the administrative suspension of Eberle's driving privileges.

Affirmed.