NOT DESIGNATED FOR PUBLICATION

No. 117,784

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSHUA SCHROEDER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed March 30, 2018.
Affirmed.

*John W. Thurston* and *Brandon J. Katt*, of Addair Thurston, Chtd., of Manhattan, for appellant.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM: Joshua Schroeder was arrested on suspicion of driving under the influence of alcohol (DUI) after being stopped for a traffic infraction. Arresting Officer Rachel Pate checked Schroeder's mouth for any foreign objects, handcuffed his hands behind his back, placed him in the back seat of her patrol car, and took him to the local police station for processing. The officer began the 20-minute deprivation period for the purpose of administering a breath test for alcohol when she placed Schroeder in the patrol car. The officer did not see or hear anything from Schroeder while driving him to the police station to indicate that he had burped or belched, which would possibly compromise the results of a breath test.

1

On arrival at the police station, the officer parked her patrol car and left Schroeder handcuffed in the back seat while she put her firearm in a locker. This took about 10 seconds. She then took Schroeder out of the patrol car for processing. The officer was present during the time Schroeder was being processed.

After Schroeder was processed, the arresting officer took him to the Intoxilyzer room. Because the 20-minute deprivation period had expired, she immediately proceeded to administer the test. But before doing so, as was her standard practice, the officer asked Schroeder if anything had come into his mouth during the deprivation period. Schroeder said no. The Intoxilyzer test revealed that Schroeder's blood-alcohol content was above the legal limit, requiring the suspension of his driver's license. The suspension was stayed pending an administrative hearing. The administrative panel affirmed the suspension, and Schroeder appealed to the district court where the court denied relief. This appeal followed.

Schroeder asks us to remand this case to the district court with the instruction that the arresting officer violated the "immediate presence" requirement of the KDHE protocol. In support of this argument, Schroeder cites the language of the protocol which calls for the arresting officer to be in the immediate presence of the arrestee for the duration of the deprivation period. Schroeder asserts that Pate violated this protocol when she left him in the patrol car while she was putting away her gun. Schroeder relies on *Mitchell v. Kansas Dept. of Revenue*, 41 Kan. App. 2d 114, 200 P.3d 496, *rev. denied* 289 Kan. 1279 (2009), for support.

We review the district court's findings for substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012); *Mitchell*, 41 Kan. App. 2d at 118. Substantial competent evidence is "evidence possessing relevance and substance that furnishes a basis of fact from which the issues can be reasonably

2

resolved." 41 Kan. App. 2d at 118. Our review of the KDHE deprivation protocol is de novo.

The KDHE protocol states: "Keep the subject in your immediate presence and deprive the subject of alcohol for 20 minutes immediately preceding the breath test." The purpose of the deprivation period is to allow any alcohol inside the mouth to dissipate in order to prevent an incorrect reading in the breath test.

Substantial compliance is sufficient to satisfy this protocol requirement. K.S.A. 2017 Supp. 8-1020(h)(2)(F); *Schoen v. Kansas Dept. of Revenue*, 31 Kan. App. 2d 820, 823, 74 P.3d 588 (2003). Substantial compliance is "'compliance in respect to the essential matters necessary to assure every reasonable objective.'" *Martin v. Kansas Dept. of Revenue*, 38 Kan. App. 2d 1, 9, 163 P.3d 313 (2006) (quoting *Burkhart v. Kansas Dept. of Revenue*, No. 91,345, 2004 WL 2047556, at *1 [Kan. App. 2004] [unpublished opinion]). "The substantial compliance standard requires the petitioner in a driver's license suspension case to demonstrate a violation of the KDHE procedures that strikes at the purpose for the protocol and casts doubt upon the reliability of the subsequent test results." *Mitchell*, 41 Kan. App. 2d at 122-23.

Substantial compliance with the protocol was not found in *Mitchell*. But in that case the officer left the defendant alone in the restroom for a couple of minutes, and the defendant consumed a cup of water during the deprivation period. The defendant also testified that he may have burped or belched during the deprivation period.

To the contrary, this court found substantial compliance with the deprivation protocol in *Martin*. There, the defendant was left alone in a room several times, but each time was only for a brief period. A video recording of the entire deprivation period showed that the suspect never belched, burped, vomited, regurgitated, or otherwise introduced any substance into his mouth during the deprivation period. This evidence

3

satisfied the deprivation protocol because it showed that nothing came into the defendant's mouth that would bring into question the breath test results.

In *State v. Anderson*, No. 94,364, 2006 WL 903168, at *3 (Kan. App. 2006) (unpublished opinion), the defendant was accompanied by an officer while he used the restroom. Approximately two minutes later, he returned to the officer who was conducting the investigation and observing him during the deprivation period. Prior to conducting the test, the investigating officer asked the defendant if he had belched, burped, vomited, regurgitated, or otherwise introduced any substance into his mouth during the deprivation period. The defendant responded that he had not. This court held that because the defendant had admitted that nothing had entered his mouth to contaminate the test results, there was substantial compliance with the protocol.

In our present case, the officer left the patrol car for only about 10 seconds. Schroeder's hands were handcuffed behind his back during the entire period, making it virtually impossible for him to introduce anything into his mouth. Moreover, he confirmed to the officer before the test that nothing had come into his mouth during the deprivation period. Under these circumstances we conclude that the officer substantially complied with the protocol when she briefly left Schroeder in the vehicle while she was returning her gun to the gun locker. There is nothing to indicate that this 10-second interlude compromised the deprivation period. This was confirmed by Schroeder who indicated that he had not belched, burped, vomited, regurgitated, or otherwise introduced any substance into his mouth during the deprivation period.

The administrative panel did not err in determining that Schroeder's license should be suspended, and the district court did not err in denying relief on Schroeder's appeal.

Affirmed.

4