NOT DESIGNATED FOR PUBLICATION

No. 120,791

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MELVANE MICHAEL RUPPE,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed October 11, 2019.
Affirmed.

*Donald E. Anderson II*, of Law Office of Donald E. Anderson II, LLC, of Great Bend, for
appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before BRUNS, P.J., LEBEN, J., and BURGESS, S.J.

PER CURIAM: Melvane Michael Ruppe appeals from the suspension of his driver's
license after failing a breath test. He argues that the officer administering the Intoxilyzer
9000 did not substantially comply with the Kansas Department of Health and
Environment (KDHE) protocol for the administration of the Intoxilyzer test. We affirm.

Ruppe was arrested on suspicion of driving under the influence of alcohol (DUI)
after being stopped at a DUI check lane. Arresting Officer Benjamin Delcamp placed
Ruppe in handcuffs, reviewed the DC-27 form containing the implied consent advisory

1

notices, and began the required 20-minute deprivation period for the purpose of administering a breath test for alcohol. Officer Delcamp did not keep Ruppe within his immediate presence during the entire deprivation period, but he testified that a law enforcement officer continually observed Ruppe during the entire deprivation time. Officer Delcamp testified that he did not check Ruppe's mouth prior to or during the deprivation period.

After a longer than usual deprivation period of about 36 minutes, Ruppe submitted a sample to the Intoxilyzer test. The Intoxilyzer test revealed that Ruppe's blood-alcohol content was above the legal limit at 0.106, and Ruppe stipulated to the result of the test. Ruppe did not request an independent test.

Because the result of the Intoxylzer test showed Ruppe's blood-alcohol content was above the legal limit, he was given notice that his driver's license would be suspended. The suspension was stayed pending an administrative hearing.

At the administrative hearing, Ruppe requested the matter be dismissed based on the testing officer's failure to conduct the breath test within the normal protocols of testing. At the close of the administrative hearing, the hearing officer took the matter under advisement to view the video recording of the deprivation period and the breath test. Ultimately, the hearing officer affirmed the suspension of Ruppe's driver's license. The video recording of the deprivation period has not been included in the record on appeal.

Ruppe filed a petition for review in the district court. At trial, Ruppe testified that he had chewing tobacco in his mouth during the deprivation period and the Intoxilyzer test. Ruppe admitted, however, that he had no evidence that there was anything wrong with the test result. Ruppe claimed the suspension of his license should be overturned because the arresting officer did not comply with the protocols of the Intoxilyzer 9000.

Ruppe's counsel failed to admit the Intoxilyzer protocol into evidence even though a copy of it had been provided to him prior to Ruppe's administrative hearing and a copy was attached to the answer filed by the Kansas Department of Revenue.

A copy of the protocol was not admitted into evidence, but it is included in the record on appeal. Interestingly, the protocol does not include a requirement that the officer check the mouth of the subject prior to the administration of the test or that the subject's mouth be empty. It merely instructs the officer to "[k]eep the subject in your immediate presence and deprive the subject of alcohol for 20 minutes immediately preceding the breath test."

The district court denied relief, finding that Ruppe failed to meet his burden of proof to show that there was not substantial compliance with the protocol in this case. The district judge found:

> "[T]he bottom line simply being that there was always an officer present. There is no evidence or any [indication] that there [was] any burping, or anything like that, that would make the—bring the result in question.
> "The only issue is whether having the [tobacco] chew in his mouth for a substantial period of time could have changed the result. There—there is no evidence that it did or could, or that that's even a violation of the protocol, because the protocol itself is not before me, only that the questions of it, and no evidence that it actually was violated as—as argued by [defense counsel]."

The district court noted concern that Officer Delcamp testified that he did not know the purpose of the deprivation period. However, the district court noted that Ruppe did not dispute the results of the test, so "that decreases my concern for any invalid result in this case." This appeal followed.

3

Ruppe seeks reversal of the district court's order affirming the suspension of his driver's license based on his contention that the arresting officer failed to substantially comply with the KDHE breath testing protocol. Ruppe recognizes that the district court based its ruling on the fact that Ruppe had the burden to prove that the officer violated the protocol. He complains that the officer was not able to testify about the proper protocols of the testing, and Ruppe asserts that "perhaps the petitioners will have to subpoena the secretary of Kansas Department of Health and Environment for each of these court trials in district court." Ruppe fails to recognize, however, that he had been provided a copy of the KDHE protocols before trial, and he did not introduce that document into evidence or provide any testimony as to its contents.

We review the district court's findings for substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). "Substantial evidence is evidence possessing relevance and substance that furnishes a basis of fact from which the issues can be reasonably resolved." *Mitchell v. Kansas Dept. of Revenue*, 41 Kan. App. 2d 114, 118, 200 P.3d 496 (2009). If a purely legal issue is presented on undisputed facts, our review of that issue is unlimited. 41 Kan. App. 2d at 118.

Our review of the compliance with the KDHE deprivation protocol might be a purely legal issue in this case as the facts do not appear significantly in dispute. However, it is significant that Ruppe failed to provide the KDHE protocol as evidence in this case. For the purpose of analyzing Ruppe's argument, it is assumed that the KDHE protocol states: "Keep the subject in your immediate presence and deprive the subject of alcohol for 20 minutes immediately preceding the breath test."

Substantial compliance is sufficient to satisfy this protocol requirement. K.S.A. 2018 Supp. 8-1020(h)(2)(F); *Schoen v. Kansas Dept. of Revenue*, 31 Kan. App. 2d 820, 823, 74 P.3d 588 (2003). Our court has defined substantial compliance as "'compliance in respect to the essential matters necessary to assure every reasonable objective.'" *Martin v.*

*Kansas Dept. of Revenue*, 38 Kan. App. 2d 1, 9, 163 P.3d 313 (2006). In the context of a driver's license suspension case, the substantial compliance standard requires the petitioner "to demonstrate a violation of the KDHE testing procedures that strikes at the purpose for the protocol and casts doubt upon the reliability of the subsequent test results." *Mitchell*, 41 Kan. App. 2d at 122-23; see also K.S.A. 2018 Supp. 8-1020(q) (licensee has the burden to show the agency action should be set aside).

Ruppe argues that the arresting officer did not comply with KDHE protocol by failing to ensure Ruppe's mouth was free from substances prior to the test and by failing to keep Ruppe in his immediate presence during the 20-minute deprivation period. Officer Delcamp testified that Ruppe was supervised by a law enforcement officer during the entire deprivation period.

In support of his argument, Ruppe relies on our court's holding in *Mitchell*. In that case, the officer left the defendant alone in the restroom for a period of two to four minutes, and Mitchell consumed a cup of water during the deprivation period. The defendant also testified that he may have burped or belched during the deprivation period. Under those circumstances, our court concluded that Mitchell proved the officer failed to substantially comply with the KDHE protocol and met his burden to show the agency action should be set aside. 41 Kan. App. 2d at 123.

In contrast, a panel of this court found substantial compliance with the deprivation protocol in *Martin*. In that case, Martin was left alone in a room several times, but each time was only for a brief period of time. A video recording of the entire deprivation period showed that Martin never belched, burped, vomited, regurgitated, or otherwise introduced any substance into his mouth during the deprivation period. Our court found that this evidence satisfied the deprivation protocol because it supported a finding that nothing went into Martin's mouth that would bring into question the results of the breath test. 38 Kan. App. 2d at 9.

5

In *Schroeder v. Kansas Dept. of Revenue*, No. 117,784, 2018 WL 1546244 (Kan. App. 2018) (unpublished opinion), Schroeder argued that the KDHE protocols had not been substantially complied with because the officer left him alone for about 10 seconds while she put away her gun. A panel of this court affirmed the district court's finding that the officer had substantially complied with the protocol. 2018 WL 1546244, at *2.

In *Neiman v. Kansas Dept. of Revenue*, No. 116,335, 2017 WL 2712949 (Kan. App.) (unpublished opinion), *rev. denied* 307 Kan. 987 (2017), Neiman argued that her breath test was invalid because she got bug spray in her mouth during the deprivation period. The court watched a video recording of the traffic stop and the breath test. Toward the end of the deprivation period, Neiman's hand touched her mouth when she removed hair from her mouth. The certifying officer relied on another law enforcement officer to check the ingredients of the bug repellant can to confirm that it did not contain alcohol, and the other officer told him it was fine and he should continue the test. The officer also testified that the Intoxilyzer indicates an error if the person has alcohol in his or her mouth, and no error was recorded in this case. It was determined on appeal that the district court's findings were supported by substantial competent evidence. Our court noted the question is "*substantial* compliance, not *strict* compliance." 2017 WL 2712949, at *4. See K.S.A. 2018 Supp. 8-1020(h)(2)(F). As such, our court held that the district court's conclusion that Neiman failed to prove a lack of substantial compliance with the protocol was reasonable. 2017 WL 2712949, at *4.

In *State v. Anderson*, No. 94,364, 2006 WL 903168 (Kan. App. 2006) (unpublished opinion), Anderson challenged the admission of his Intoxilyzer breath test results as part of his criminal case for DUI. Anderson argued that protocol was not followed because an officer, who was not the certifying officer, accompanied him to the restroom during his deprivation period. Approximately two minutes later, Anderson returned to the officer who was conducting the investigation and observing him during the deprivation period. Prior to completing the test, Anderson confirmed that he had not

6

belched, burped, vomited, regurgitated, or otherwise introduced any substance into his mouth during the deprivation period. A panel of this court held that because Anderson had admitted that nothing had entered his mouth to contaminate the test results, there was substantial compliance with the protocol. 2006 WL 903168, at *3.

Ruppe raises two issues. First, he asserts he had chewing tobacco in his mouth during the deprivation period and he testified that he heard that could affect the test. Second, he points to Officer Delcamp's testimony that he did not keep the petitioner in his view the entire time during the deprivation period, which is a violation of the KDHE protocol. Officer Delcamp testified that Ruppe was being observed by law enforcement officers during the entire deprivation period. After considering the testimony and reviewing the video recording of Ruppe during the deprivation period, the district court found Ruppe had failed to show that there was not substantial compliance. After viewing the video recording evidence, the district court explicitly found that there was always an officer present during the deprivation period and there was no evidence of burping or "anything like that" to bring the result of the test into question. , Further, Ruppe presented no evidence that chewing tobacco in the mouth could affect the results of the Intoxilyzer or that chewing tobacco in the mouth during the deprivation period was a violation of the protocol. Key to the district court's ruling is that Ruppe had failed to introduce evidence of the proper protocol. Without evidence of the protocol, the district court found Ruppe had not met his burden of proof.

Ruppe has failed to meet his burden of proof. See K.S.A. 2018 Supp. 8-1020(q) (licensee has the burden to show the agency action should be set aside). The video recording evidence that the district court relied on in finding that the officer had substantially complied with the protocol was not included in the record on appeal. The burden is on the party making a claim to designate facts in the record to support that claim. Without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). Because we are unable to

7

review the video recording evidence, we cannot determine whether the district court erred in finding that the video recording demonstrated the certifying officer substantially complied with the KDHE protocol. Further, we find it significant that Ruppe failed to introduce sufficient evidence of the KDHE protocol at trial.

Ruppe did not prove that the administrative hearing officer erred in determining that his license should be suspended, and the district court did not err in denying relief on his appeal. We affirm the district court's conclusion that Ruppe did not meet his burden of proof, and we affirm the suspension of his driver's license.

Affirmed.