(124 P.3d 1078)

No. 93,657

ALAN RAY BUTCHER, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

—

Opinion filed December 30, 2005.

*J. Brian Cox*, of Legal Services Bureau, Kansas Department of Revenue, of Topeka, for the appellant.

No appearance for appellee.

Before MARQUARDT, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: The Kansas Department of Revenue (KDR) appeals the district court's reversal of the administrative suspension of Alan Ray Butcher's driver's license. KDR argues the court erred in not finding reasonable grounds existed to believe that Butcher was operating a vehicle while under the influence of alcohol or drugs (DUI). We agree with KDR and reverse.

On May 13, 2003, Officer Lee Patterson was working the night shift when he saw Butcher driving a vehicle. Patterson knew that Butcher's driver's license been suspended because the last time he had contact with Butcher—within the previous 6 months—was for driving while suspended and there were previous DUI suspensions. Patterson called the license plate tag number into the police station to run the tag number as soon as he was able to see the tag number in his rear view mirror. Patterson also had a list of drivers with suspended drivers licenses prepared by someone in the police department that listed Butcher's license as suspended. Patterson did not immediately turn his vehicle around, but after he called the tag number in, he turned his patrol car around and tried to find Butcher's vehicle.

Patterson located Butcher's vehicle approximately 14 minutes later. When the vehicle stopped, Butcher was a passenger in the vehicle and Jesse French was driving. French told Patterson that he had been at home asleep when Butcher showed up at his house and asked that French take him to Winfield because he had been drinking. Patterson spoke with Butcher and at no time did Butcher say he had been driving. Butcher said that he and French had been driving around all night and that two girls from the VFW had dropped him off at French's house.

Patterson testified that Butcher was abusive, combative, profane, and threatening during the stop. He appeared to be intoxicated to Patterson based on the odor of alcoholic beverages, slurred speech, bloodshot eyes, and difficulty in communicating. Butcher refused to submit to or complete field sobriety tests or a chemical test.

Based on his refusal to submit to testing, Butcher's driver's license was suspended from January 3, 2004, to January 3, 2007. At the time of the stop, Butcher's lengthy driving record showed a DUI diversion in 1995, a DUI conviction in 1998, a DUI conviction in 2002, and his suspended license due to a failure to appear on a traffic ticket in 2002. Butcher appealed his administrative license suspension.

At the administrative hearing, Butcher raised the issues that Patterson did not have probable cause to make the stop because the information was stale and that there was no showing made that he had actually operated the vehicle. The administrative hearing officer upheld Butcher's refusal suspension. He found that Patterson had testified he saw Butcher driving at a time when Butcher's driving privileges were suspended and that Patterson believed there was probable cause to stop the vehicle.

Butcher appealed his suspension to the district court arguing that he had never operated the vehicle, the driver of the vehicle had not stated that Butcher had operated the vehicle, Patterson delayed in making the stop, no traffic infraction had been committed by either the actual driver or any other individual allegedly operating the vehicle at the time, and the information Patterson relied on as to Butcher's drivers license being suspended was stale.

Patterson was the only witness to testify. Butcher did not take the stand in his own defense. The district court reversed Butcher's suspension, stating:

"The following rules of law are that the plaintiff in this matter has the burden of proof. Also, as expressed in 38-8, I mean in K.S.A. 8-1020, subsection (h)(1), if the officer certifies that a person refused the test, the scope of hearing shall be limited to whether: subsection (A) a law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both, or had been driving a commercial vehicle, as defined in K.S.A. 8-2,128 and amendments thereto, while having alcohol or other drugs in such person's system.

"In regard to this matter, the court finds the controlling facts are that the officer observed the plaintiff driving a vehicle. He believed the plaintiff to be suspended. He did not stop the vehicle at that time. Approximately 14 minutes later, the vehicle, while being driven by another person, was stopped; and, subsequent contact was had with the plaintiff. I believe the controlling language is reflected in subsection (h)(1)(A). A law officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs. The officer made the stop, ultimately, because he believed that the plaintiff was suspended, not because there was any reason to suspect that he was driving under the influence of alcohol or drugs; therefore the Court finds that the plaintiff has sustained its proof because there is no showing that the officer had reasonable grounds to believe he was operating or attempting to operate while under the influence. In contrast to that, if this were . . . a commercial vehicle, the language is specific 'or had been driving a commercial vehicle'; and none of those articulable situations apply to the plaintiff; and the Court grants the plaintiff relief requested."

In response to comments by KDR that the officer does not have to stop the vehicle for DUI, the district court also stated:

"If he had stopped, if there was a stop when he was a driver and then there was subsequent information, I agree with you, counsel; but when the stop that was made didn't have anything to do with his driving at the time that the stop was made, I don't think you can bootleg that back in to a DUI refusal situation that occurred when he was driving sometime previously under the language of the statute."

KDR filed a motion to alter or amend the district court's judgment, arguing that a vehicle stop or an approach of a person who is not then operating a motor vehicle which is not premised on suspicion of DUI can support a subsequent investigation of the person for DUI if such suspicion is developed during such stop or

approach. In rejecting the KDR's argument, the district judge stated:

"The Court believes that the facts as applied to the statutory provision are clear. That there was no reasonable ground to believe the person, in this instance, . . . Butcher was operating or attempting to operate a vehicle while under the influence of alcohol or drugs. At the time he was, the vehicle he was in was stopped, there was no indication. The alleged driving prior to that time, there was no indication. It's different and can be distinguished from reckless driving where there is driving that's occurring that's deficient that can be the basis for that especially when it's combined with the subsequent smelling of the alcohol or drugs; and I do not believe that the facts are such that establish the law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs or both; and the Court denies the motion and stands upon its original ruling."

On appeal, KDR first argues the district court erred in finding that reasonable grounds did not exist to believe that Butcher was operating a vehicle while under the influence of alcohol or drugs. K.S.A. 8-1020(h)(1) provides:

"If the officer certifies that the person refused the test, the scope of the hearing shall be limited to whether:
"(A) A law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both, or had been driving a commercial motor vehicle, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system."

Butcher had the burden of proof at the administrative hearing to prove by a preponderance of the evidence that the facts set out in the 's certification were false or insufficient and the suspension should be dismissed. See K.S.A. 8-1020(k). At the district court level, Butcher continued to have the burden to prove that the decision of the administrative hearing officer should be set aside. See K.S.A. 8-1020(q).

An appellate court applies a substantial competent evidence standard of review when reviewing a district court's ruling in a driver's license suspension case. *Schoen v. Kansas Dept. of Revenue*, 31 Kan. App. 2d 820, Syl. ¶ 1, 74 P.3d 588 (2003). In Kansas, a driver's consent to have one or more tests performed to determine the presence of alcohol or drugs in the driver's body is im-

plied by the driver's decision to operate a vehicle upon public highways. K.S.A. 8-1001(a); *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). The purpose of the implied consent law is to coerce submission to chemical testing through the threat of the statutory penalties of license suspension and the admission into evidence·in a DUI proceeding of the fact of a blood alcohol test refusal. *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, Syl. ¶ 1, 888 P.2d 832 (1995).

Patterson had reasonable grounds to believe that Butcher was driving while intoxicated, and the district court erred in finding to the contrary. In *Sullivan v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 705, 707, 815 P.2d 566 (1991), this court held that "reasonable grounds" equates to "probable cause." The *Sullivan* court further explained:

" 'Probable cause' to arrest refers to knowledge of facts and circumstances which would lead a prudent person to believe a suspect is committing or has committed an offense. [Citation omitted.] Existence of probable cause must be determined by consideration of the information and fair inferences therefrom, known to the officer at the time of the arrest. It is not necessary that the evidence relied upon establish guilt beyond a reasonable doubt. The evidence need not even prove that guilt is more probable than not. It is sufficient if the information leads a reasonable officer to believe that guilt is more than a possibility. [Citation omitted.]" 15 Kan. App. 2d at 707.

In this case, the district court was not presented with circumstantial evidence that Butcher was driving an automobile, or even witness testimony, for example, from an accident scene that Butcher was the driver. See *Howard v. McNeill*, 716 S.W.2d 912, 913-15 (Mo. App. 1986). Rather, the court had before it first-hand testimony from the police officer making the arrest that the officer had witnessed Butcher driving the vehicle.

In *Furthmyer*, the police found Furthmyer either asleep or passed out in the driver's seat of his car at a stop sign with the engine running, the transmission in gear, the headlights on, and his foot on the brake. Furthmyer then stepped out of the car, answered some questions with slurred speech, and admitted he had been drinking. He was arrested for DUI. Furthmyer agreed to submit to a breathalyzer but produced an insufficient amount of

breath, which police construed as a refusal. After his license was suspended for a year, Furthmyer sought judicial review and argued to the district court that he was not operating or attempting to operate the vehicle and, therefore, was not subject to the implied consent law. The court affirmed the suspension of Furthmyer's driver's license, and he appealed. The Kansas Supreme Court concluded that the KDR need only establish that a law enforcement officer had reasonable grounds to believe a person was operating or attempting to operate a motor vehicle; it is not necessary to prove the person actually operated or attempted to operate the vehicle. 256 Kan. at 836.

In *State v. Mourning*, 233 Kan. 678, 664 P.2d 857 (1983), the court considered whether reckless driving and driving under the influence of alcohol or drugs were the same offense for double jeopardy purposes. The *Mourning* court concluded that the two crimes required different evidence. In its analysis, the *Mourning* court addressed the State's argument that "any time a person under the influence of alcohol or drugs operates a vehicle he does so in willful or wanton disregard for the safety of others." 233 Kan. at 682. The *Mourning* court rejected this argument by pointing out that driving under the influence only requires driving when impaired, not swerving or driving recklessly. 233 Kan. at 682.

"One does not need to swerve all over the road or drive through another's yard to be guilty of driving under the influence of alcohol or drugs. While a person under the influence of alcohol may actually drive in a straight line in the proper lane of traffic down the street, although incapable of safely operating the vehicle in accordance with traffic regulations that may be encountered, a person guilty of reckless driving is able to safely control his vehicle but, in willful or wanton disregard for the safety of others, does not do so. It is evident that a person guilty of driving under the influence of alcohol is not necessarily guilty of driving in reckless disregard for the safety of others." 233 Kan. at 682.

Patterson saw Butcher driving a vehicle and knew Butcher had been arrested in December 2002 for driving while suspended and that Butcher's name appeared on a police list of drivers with suspended licenses. At the trial in district court, Patterson presented evidence that Butcher's license was in fact suspended on May 13, 2003. Within a 14-minute window, Patterson located the same ve-

hicle and based on his knowledge had probable cause to stop the vehicle. Patterson had probable cause to believe that Butcher was driving on a suspended license and had authority to stop and question Butcher. See K.S.A. 12-4211(c) and (d) (authority to detain an individual suspected of violating an ordinance).

Upon making the stop, Patterson discovered that Butcher was no longer driving the vehicle, but sitting in the passenger seat. Patterson testified that just by talking to Butcher and Butcher's actions, he felt Butcher was intoxicated. Considering the short 14-minute delay between witnessing Butcher driving the vehicle and observing Butcher's intoxicated state, Patterson had reasonable grounds to believe that Butcher had operated a vehicle while under the influence of alcohol. The district court erred in holding to the contrary in vacating Butcher's administrative license suspension.

We reverse and reinstate the license suspension.