NOT DESIGNATED FOR PUBLICATION

No. 115,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

QUENTIN MAUPIN,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Russell District Court; RON SVATY, judge. Opinion filed October 7, 2016. Vacated and remanded with directions.

*Christopher M. Ray*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Jerry E. Driscoll*, of Driscoll Law Office, of Russell, for appellee.

Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.

POWELL, J.:  The Kansas Department of Revenue (KDOR) appeals the district court's reversal of its administrative action suspending Quentin Maupin's driver's license. Maupin was arrested for driving under the influence of alcohol and failing the breathalyzer test, resulting in the suspension of his driving privileges. Maupin challenged his suspension; after an administrative hearing, KDOR affirmed the suspension. Maupin then filed a petition for judicial review with the district court, which reversed the administrative action, holding there were no reasonable grounds to support the stop of Maupin. Because we find the issue of whether there were reasonable grounds to support the traffic stop of Maupin's vehicle is not one to be considered in driver's license

1

suspension hearings and because the district court failed to make findings as to whether there were reasonable grounds to believe that Maupin was operating his motor vehicle while under the influence of alcohol, we vacate the district court's order and remand for a new hearing.

FACTUAL AND PROCEDURAL BACKGROUND

In the evening of March 7, 2015, Deputy Max Barrett of the Russell County Sheriff's Department observed from his home in Paradise, Kansas, a Polaris utility vehicle driving erratically and at what appeared to be a high rate of speed. Barrett testified that earlier the same evening he witnessed the same vehicle doing donuts in the street in front of his house. He did not see who was driving the vehicle earlier or when he witnessed the vehicle pull out of the driveway. Upon seeing the Polaris leave the driveway at a high rate of speed, Barrett left his home in his patrol car and went the opposite way of the vehicle, met the vehicle head on, and stopped it. Maupin was driving, and his two children were passengers. Maupin testified he was not speeding when he left the driveway, did not do any donuts in the street earlier in the evening, was not driving erratically, and did not believe he committed any traffic infractions before being stopped by Barrett. Maupin also testified that Barrett told him he was stopped because "he had heard a bunch of noise in town and he was tired of people tearing around and tearing up his town."

Upon stopping Maupin, Barrett observed that Maupin had bloodshot eyes and smelled of alcohol. Maupin told Barrett that he had consumed "a couple beers" that evening. Barrett requested that Maupin take a preliminary breath test. After initially refusing, Maupin consented and failed the preliminary breath test. Barrett did not request Maupin perform any other field sobriety tests and arrested Maupin for suspicion of driving under the influence of alcohol. Barrett also testified that Maupin made a comment later on that "he was probably intoxicated." Upon arrival at the Russell County Law

2

Enforcement Center, Maupin registered a .126 blood alcohol level. He was booked and served with an Officer's Certification and Notice of Suspension (commonly referred to as a DC-27).

Maupin timely requested a hearing regarding the suspension of his driver's license before KDOR, and the KDOR hearing officer affirmed his suspension. Maupin then filed a petition for review with the Russell County District Court. In his petition, Maupin argued KDOR's affirmation of the suspension of his license should be reversed because the officer did not have articulable or reasonable suspicion to believe that Maupin was committing or was about to commit a crime at the time of the stop; the officer did not have reasonable grounds to believe Maupin was operating or attempting to operate a motor vehicle while having alcohol or other drugs in his system; the officer had no reason to detain and seize Maupin; the officer had no probable cause to arrest Maupin; and the officer had no reasonable suspicion to request Maupin submit to alcohol testing.

At trial, Maupin, a friend of Maupin, Maupin's wife, and Barrett testified. Maupin's counsel argued the stop was unlawful and not supported by reasonable suspicion. KDOR argued that the correct standard in this case was whether the officer had reasonable grounds to believe that Maupin was operating the vehicle while under the influence at the time the officer requested the test. The district court held that Barrett did not have reasonable grounds to stop Maupin and reversed KDOR's suspension of Maupin's driver's license.

KDOR timely appeals.

DID THE DISTRICT COURT ERR IN REVERSING MAUPIN'S DRIVER'S LICENSE SUSPENSION?

On appeal, KDOR argues that the district court incorrectly reversed Maupin's driver's license suspension when it applied the wrong legal standard. Specifically, KDOR

argues that the district court erred when it reversed Maupin's suspension on the grounds that the traffic stop was not supported by reasonable grounds.

Typically, we review a district court's determination to suspend a license for substantial competent evidence. *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 772, 148 P.3d 538 (2006). However, if the question turns upon the interpretation of a statute, as in the present case, then it is one of law upon which we exercise unlimited review. *Martin v. Kansas Dep't of Revenue*, 285 Kan. 625, 629, 176 P.3d 938 (2008), *abrogated on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 1011-13, 350 P.3d 1048 (2015).

When an officer certifies that a driver failed a breath test, the scope of the administrative hearing is "clearly and unambiguously" limited to the items enumerated in K.S.A. 2015 Supp. 8-1020(h)(2)(A)-(H). 285 Kan. at 627-28. The relevant portion of K.S.A. 2015 Supp. 8-1020(h)(2) states:

> "If the officer certifies that the person failed a breath test, the scope of the hearing shall be limited to whether:
> "(A) A law enforcement officer had reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol or drugs, or both."

Nowhere in the list of issues to be considered by the district court when a driver has failed a breath test is the question of whether there existed reasonable suspicion or probable cause to justify the traffic stop. See *Martin,* 285 Kan. at 631 (list of issues exclusive and doesn't include legality of traffic stop). Even if a stop is conducted in violation of the Fourth Amendment to the United States Constitution, the exclusionary rule is not applicable in administrative driver's license suspension cases. 285 Kan. at 646. Therefore, "the propriety of a traffic stop is irrelevant in a driver's license suspension

4

hearing." *Bullard v. Kansas Dept. of Revenue*, No. 111,767, 2015 WL 3514030, at *5 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1077 (2016).

Here, the district court held the officer lacked reasonable grounds to stop Maupin and reversed the suspension of his driver's license on this basis. Because the exclusionary rule does not apply to administrative driver's license suspension proceedings, any evidence concerning Maupin's behavior before, during, and after he was behind the wheel is to be considered in order to determine whether the officer had reasonable grounds to believe Maupin was operating his vehicle while under the influence of alcohol at the time the test was requested. See *Martin*, 285 Kan. at 631.

Unfortunately, the district court made no findings of fact or conclusions of law on this point. The district court simply found the stop was not supported by reasonable grounds. Because there are insufficient findings in the record, we must vacate the district court's order and remand the case to the district court for further proceedings to determine if the officer had reasonable grounds to believe Maupin was operating his vehicle while under the influence of alcohol, drugs, or both. In making its findings, the district court is to consider evidence of Maupin's behavior before, during, and after the stop.

Vacated and remanded.