(206 P.3d 891)
No. 100,279

GUADALUPE G. RIVERA, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, DIVISION OF VEHICLES, *Appellee*.

Opinion filed May 8, 2009.

*Leslie A. Hess*, of Hays, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

MALONE, J.: Guadalupe G. Rivera appeals the district court's decision granting the Kansas Department of Revenue's (KDR) motion to dismiss his petition for judicial review of an administrative order suspending his driver's license for a breath test failure. Based on *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 204 P.3d 562 (2009), we remand Rivera's case to district court for further proceedings.

On January 29, 2007, Officer David Gordon of the Dodge City Police Department filed a certification and notice of suspension of Rivera's driver's license based on his breath test failure. The certification stated that Gordon had reasonable grounds to believe that Rivera was operating a vehicle while under the influence of alcohol on January 25, 2007, in Ford County, Kansas. The certification further stated that Rivera's breath alcohol concentration tested at .08 or greater, that he was caught backing out of a driveway, he

smelled of alcohol, failed field sobriety tests, slurred his speech, had bloodshot eyes, had poor balance or coordination, failed a preliminary breath test, and admitted consuming alcohol.

On February 5, 2007, the KDR received Rivera's request for an administrative hearing regarding the suspension of his driver's license. An administrative hearing was held on April 17, 2007, and the hearing officer issued an order on May 10, 2007, affirming the administrative action suspending Rivera's driving privileges.

On May 21, 2007, Rivera filed a petition for judicial review in the Ford County District Court. In his petition, Rivera requested relief from the administrative action suspending his driving privileges based on the following facts and issues set forth in paragraph 4:

"A. Petitioner was arrested and charged with a violation of K.S.A. [8-1567a] on or about January 25, 2007, in Ford County, Kansas.

"B. There were no reasonable grounds to stop the petitioner's vehicle based upon the fact that petitioner was not upon public property, nor was he upon private property while driving the vehicle. The petitioner's vehicle was located in his home (i.e., garage) at the time of the vehicle operation and therefore the respondent has no grounds upon which to suspend nor restrict the petitioner's driving privileges.

"C. There was no probable cause upon which to arrest the petitioner based upon the fact that the officer administered one field sobriety test which is not admissible pursuant to State v. Witte, and the other field sobriety tests administered to the petitioner he passed. Further, there was a flaw in the administration of the preliminary breath test issued against the petitioner and it is apparent from the videotape that petitioner must not have failed the first test administered to him since the officer claimed he did not get a 'good sample.'

"D. Officer Gordon gave the petitioner incorrect advisories as specifically set out on the videotape from approximately 10:12 through 10:15.

"E. There is also an issue regarding jurisdiction and whether or not the petitioner's home is located within the city limits of Dodge City, since the officer who arrested the petitioner for the DUI offense was an officer who had no jurisdiction outside the city limits

"F. In addition, the testing procedures by the officer did not substantially comply with the procedures set out by the Kansas Department of Health and Environment as evidenced by the officer's actions on the videotape. The machine malfunctioned and printed a breath test card. According to the officer's testimony at the time of the administrative hearing, he did not even remember the machine malfunctioned. The officer also testified that he did not have the card printout from the first test verifying the machine malfunction. The officer was oblivious to

the fact that the machine was not operating correctly and still continued to administer the breath test to petitioner. This shows obvious and substantial noncompliance with the procedures as set out by the Kansas Department of Health and Environment."

On November 28, 2007, the KDR filed a motion to dismiss Rivera's petition for lack of subject matter jurisdiction, alleging that Rivera's petition failed to comply with the pleading requirements of K.S.A. 77-614(b)(5) and (b)(6), and the petition failed to state a claim within the limited issues set forth in K.S.A. 8-1020(h)(2).

On January 9, 2008, the district court held a hearing on the KDR's motion to dismiss. After hearing arguments of counsel, the district court found that Rivera's petition for judicial review failed to comply with the pleading requirements set forth in *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 148 P.3d 538 (2006). More specifically, the district court found that (1) the allegations in paragraphs 4(B) and 4(C) of Rivera's petition were not issues for the court's consideration in a driver's license suspension case; (2) the allegation in paragraph 4(D) was not pled with sufficient specificity; (3) the allegation in paragraph 4(E) was not raised at the administrative hearing as required to confer jurisdiction; and (4) the allegation in paragraph 4(F) was generic, contained no explanation as to what Rivera claimed was not compliant with the Kansas Department of Health and Environment (KDHE) testing procedures, and was not pled with sufficient specificity. Accordingly, the district court affirmed the administrative order suspending Rivera's driving privileges. Rivera timely appeals.

On appeal, Rivera claims the district court erred in dismissing his petition for judicial review for failure to comply with the requirements set forth in *Bruch*, 282 Kan. 764. Rivera further claims the district court erred in not providing sufficient findings of fact and conclusions of law. The KDR argues that the district court lacked subject matter jurisdiction to consider Rivera's petition for judicial review because the petition failed to comply with the pleading requirements of K.S.A. 77-614(b)(5) and (b)(6), and the petition failed to state a claim within the limited issues set forth in K.S.A. 8-1020(h)(2).

Whether jurisdiction exists is a question of law over which an appellate court has unlimited review. "Parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel, nor can parties convey jurisdiction on a court by failing to object to its lack of jurisdiction. [Citation omitted.]" *Bruch*, 282 Kan. at 773-74. Interpretation of a statute is also a question of law over which an appellate court has unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

In *Kingsley*, the Kansas Supreme Court clarified its decision in *Bruch* concerning the pleading requirements for petitions for judicial review under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA). The Supreme Court reiterated its holding in *Bruch* that to confer appellate jurisdiction, an appellant must strictly comply with the pleading requirements set forth in K.S.A. 77-614(b). 288 Kan. at 397-401. The court then addressed as a matter of subject matter jurisdiction (1) whether the petitioner's petition for judicial review strictly complied with the KJRA's pleading requirements, specifically K.S.A. 77-614(b)(5) and (b)(6); and (2) whether the petitioner exhausted administrative remedies by presenting evidence at the administrative hearing to support his claims. 288 Kan. at 401-11.

In *Kingsley*, the petition for judicial review contained the following two critical paragraphs:

" '6. That plaintiff seeks review of all issues raised by plaintiff in the hearing before the administrative hearing officer, in Hays, Kansas.

" '7. The order suspending plaintiff's driving privileges should be vacated by this Court because plaintiff was subjected to an illegal and improper preliminary breath test was subjected that [*sic*] plaintiff's due process rights were violated because he was not allowed to subpoena relevant witnesses to his administrative hearing; the officer conducted an illegal search of plaintiff's vehicle; that plaintiff also seeks review of all issues raised before the administrative hearing officer at the March 8, 2006, hearing.' " 288 Kan. at 393.

The Supreme Court first examined the pleading requirements under K.S.A. 77-614(b) and determined that subsections (b)(5) and (b)(6) should be examined separately. Subsection (b)(5) requires the petitioner to set forth "facts to demonstrate that the petitioner is entitled to obtain judicial review." 288 Kan. at 404. To strictly

comply with this subsection, the petitioner must plead specific facts establishing that (1) the petitioner has standing to file the petition pursuant to K.S.A. 77-611; (2) the petitioner has exhausted all available administrative remedies pursuant to K.S.A. 77-612; and (3) the petition has been timely filed pursuant to K.S.A. 77-613. Failure to demonstrate these three requirements divests the district court or any subsequent appellate court of jurisdiction to consider the petition for judicial review. 288 Kan. at 403-04.

The Supreme Court stated that although the better practice is for a petitioner to specifically and separately state facts in the petition establishing standing, exhaustion of remedies, and timeliness, a petition for judicial review will not be dismissed on its face if the petition as a whole demonstrates those required facts. 288 Kan. at 404. Under the facts in *Kingsley*, the Supreme Court determined that when read as a whole, the petition for judicial review demonstrated sufficient facts to strictly comply with K.S.A. 77-614(b)(5) by establishing the petitioner's standing, exhaustion of administrative remedies, and timeliness of the petition. 288 Kan. at 404.

Next, the Supreme Court considered the pleading requirements of K.S.A. 77-614(b)(6). Subsection (b)(6) requires the petitioner to set forth "the petitioner's reasons for believing that relief should be granted." 288 Kan. at 405. According to the court in *Kingsley*, a petition for judicial review strictly complies with this subsection when the petitioner has set forth reasons for relief so that the court and agency can ascertain the issues that will be raised before the district court. If the district court later determines that the petitioner's case consists only of issues that were not specifically pleaded in the petition for judicial review, the court may dismiss it for lack of jurisdiction. The court stated that although it is not necessary for jurisdiction, the better practice is for the language in the petition for judicial review to mirror the statutory basis for the specific relief sought. 288 Kan. at 406-07.

Under the facts in *Kingsley*, the Supreme Court determined that the petitioner had sufficiently set forth reasons for believing that relief should be granted, namely, that he was subjected to an illegal and improper preliminary breath test, that his due process rights

were violated because he was not allowed to subpoena relevant witnesses to his administrative hearing, and that the officer conducted an illegal search of his vehicle. In making its decision, the Supreme Court emphasized that it was not commenting on the merits of the petitioner's issues. The court stated it was limiting its holding to whether the petitioner had strictly complied with the statutes in order to confer jurisdiction upon the district court. 288 Kan. at 407.

Regarding the second issue before the court in *Kingsley*, the KDR argued that the petitioner failed to exhaust his administrative remedies by not presenting evidence at the administrative hearing to support his claims. The KDR characterized this issue as jurisdictional. 288 Kan. at 408. Contrary to the KDR's characterization of the issue, the Supreme Court held that KJRA's exhaustion of remedies requirement applies to administrative procedures, not to the individual issues to be reviewed. 288 Kan. at 409. Because the petitioner in *Kingsley* filed a timely request for an administrative hearing and filed a timely petition for judicial review, the court concluded the petitioner had exhausted the entire administrative procedure available to him regarding the suspension of his driver's license. 288 Kan. at 411.

As for the KDR's argument that the district court should not consider issues not raised by a petitioner at the administrative hearing, the Supreme Court stated that this is more correctly characterized as a claim that issues must be preserved for judicial review, rather than a claim of subject matter jurisdiction. 288 Kan. at 410-11. The court agreed with the KDR that in an appeal from a decision by an administrative agency, a party may only argue the issues raised at the administrative hearing. 288 Kan. at 411. However, based on the record in *Kingsley*, the court found that the administrative hearing notes demonstrated that the petitioner had argued the issues at the administrative hearing for which he sought review in district court. Therefore, the court concluded that the issues were preserved for judicial review. 288 Kan. at 412-13.

Returning to the facts of our case and Rivera's petition for judicial review, the district court generally dismissed Rivera's petition because it failed to comply with the pleading requirements set forth

in *Bruch*. Pursuant to the Supreme Court's clarification in *Kingsley* of the pleading requirements of a petition for judicial review, we conclude that Rivera's petition satisfied the pleading requirements of K.S.A. 77-614(b)(5) and (b)(6) sufficiently to confer subject matter jurisdiction upon the district court. We further conclude that Rivera exhausted his administrative remedies sufficiently to confer subject matter jurisdiction by filing a timely request for an administrative hearing and by filing a timely petition for review. Thus, to the extent the district court dismissed Rivera's petition for lack of subject matter jurisdiction, we conclude the district court erred.

However, we also note that the district court made specific findings as to each of the subparagraphs set forth in paragraph 4 of Rivera's petition, and in doing so the district court addressed the merits of some of Rivera's claims. Thus, we will review each of Rivera's claims in his petition for judicial review to determine if the district court properly dismissed the claim without a hearing.

Paragraph 4(B) of Rivera's petition for judicial review challenged whether Gordon had reasonable suspicion to initially stop Rivera's vehicle because Rivera was only backing the vehicle out of his garage at the time of the stop. The district court found that the allegation in paragraph 4(B) of Rivera's petition was not an issue for the court's consideration in a driver's license suspension case. In making this finding, the district court relied on the Kansas Court of Appeals decision in *Martin v. Kansas Dept. of Revenue*, 36 Kan. App. 2d 561, 142 P.3d 735 (2007). In this decision, the Court of Appeals ruled that a petitioner may not challenge the reasonable suspicion for a vehicle stop in a driver's license suspension case because this issue is not delineated as one of the limited issues within the scope of an administrative hearing under K.S.A. 8-1020(h)(2).

The Court of Appeals decision was affirmed by the Kansas Supreme Court in *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 176 P.3d 938 (2008), but the Supreme Court applied a different rationale. According to the Supreme Court's decision in *Martin*, a licensee in a driver's license suspension proceeding is not precluded from *raising* the constitutional issue of whether the arresting officer lacked reasonable suspicion to stop a vehicle. 285 Kan.

625, Syl. ¶ 5. However, the Supreme Court concluded that the exclusionary rule will not be applied in a driver's license suspension case to bar evidence obtained as a result of an unlawful stop. 285 Kan. at 639-46.

Based upon the Supreme Court's decision in *Martin*, the exclusionary rule will not be applied in Rivera's case to bar evidence obtained as a result of an unlawful stop. Although Rivera is not precluded from raising this issue in his petition for judicial review, Rivera is essentially not entitled to any relief as a result of this claim based on the Supreme Court's decision in *Martin*. Because the district court addressed the merits of the allegations in paragraph 4(B) of Rivera's petition, rather than dismissing this claim for lack of subject matter jurisdiction, we conclude the district court did not err in dismissing the allegations in paragraph 4(B) of Rivera's petition. On appeal, the district court's decision will be upheld if it is correct for any reason. *In re Marriage of Bradley*, 282 Kan. 1, 8, 137 P.3d 1030 (2006).

The district court also found that the allegation in paragraph 4(C) of Rivera's petition was not an issue for the court's consideration in a driver's license suspension case. Although paragraph 4(C) begins by alleging there was "no probable cause upon which to arrest" Rivera, the paragraph further alleges that Rivera passed his field sobriety tests and there was a flaw in the administration of the preliminary breath test. We interpret the allegation in paragraph 4(C) of Rivera's petition as raising the issue that Gordon lacked reasonable grounds to believe Rivera was operating a vehicle while under the influence of alcohol or drugs. Because this issue is specifically delineated in K.S.A. 8-1020(h)(2) as an issue that can be raised in a driver's license suspension case, we conclude the district court erred in dismissing the allegation in paragraph 4(C) of Rivera's petition.

Paragraph 4(D) of Rivera's petition alleged that Gordon "gave the petitioner incorrect advisories," as shown in the videotape of the investigation. The district court found that the allegation in paragraph 4(D) of Rivera's petition was not pled with sufficient specificity. Pursuant to *Kingsley*, we conclude the district court

erred in dismissing the allegation in paragraph 4(D) of Rivera's petition.

The district court found that the allegation in paragraph 4(E) of Rivera's petition was not raised at the administrative hearing as required to confer jurisdiction. This allegation concerned Rivera's claim that his home was not located within the city limits of Dodge City. However, the top of the first page of the hearing officer's notes reads: "Case address inside city limits." In *Kingsley*, the court referenced the administrative hearing notes to determine whether the issues in that case had been argued at the administrative hearing. 288 Kan. at 412. Here, because the administrative hearing notes make some reference to whether Rivera's address was inside the city limits, we conclude this is sufficient evidence to demonstrate that Rivera argued this issue at the administrative hearing, thereby preserving the issue for judicial review. Thus, the district court erred in dismissing the allegation in paragraph 4(E) of Rivera's petition.

Finally, paragraph 4(F) of Rivera's petition alleged that the testing procedures did not substantially comply with the procedures set out by the KDHE and the breathalyzer was not operating correctly. The district court found that the allegation in paragraph 4(F) of Rivera's petition was generic, contained no explanation as to what Rivera claimed was not compliant with the KDHE testing procedures, and was not pled with sufficient specificity. Pursuant to *Kingsley*, we conclude the district court erred in dismissing the allegation in paragraph 4(F) of Rivera's petition.

We hasten to add that we make no comment as to the merits of any of the allegations contained in paragraphs 4(C) through 4(F) of Rivera's petition for judicial review. We hold only that the district court erred in dismissing these claims without conducting an evidentiary hearing. Rivera's case is remanded to district court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.