(257 P.3d 346)
No. 101,329

CHELSEY ROSE JUENEMANN, *Appellant*, v. KANSAS DEPARTMENT
OF REVENUE, *Appellee*.

Opinion filed January 15, 2010.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*John M. Lindner*, of Lindner & Marquez, of Garden City, for appellee.

Before HILL, P.J., CAPLINGER and LEBEN, JJ.

CAPLINGER, J.: The Kansas Department of Revenue (KDOR) appeals the district court's order reversing the KDOR's suspension of Chelsey Rose Juenemann's driver's license. Because we conclude the district court erred in reversing the suspension, we reverse and remand this case to the district court to enter judgment affirming the administrative suspension.

## FACTUAL AND PROCEDURAL BACKGROUND

Juenemann was arrested for driving under the influence of alcohol on December 15, 2007. In the Officer's Certification and Notice of Suspension (DC-27) served on Juenemann, Kearny County Sheriff's Department Sergeant Mike Fontenot certified that Juenemann failed a chemical breath test, which showed she had an "alcohol concentration of .08 or greater" in her blood or breath. Further, the certification advised Juenemann that a "readable copy of the test result" should be attached.

In fact, it appears from the record that a readable copy of Juenemann's Intoxilyzer 5000 chemical breath test result was attached to the DC-27 and showed a blood alcohol level of .226. Additionally, the reverse side of the DC-27 notified Juenemann of the penalties for a failed test result of ".08 or above, but less than .15" and of the increased penalties for a test result of ".15 or above": the individual's driver's license would be suspended for 1 year and the individual would be subjected to a 1-year "ignition interlock restriction."

As evidence of "reasonable grounds" to believe Juenemann was operating a vehicle while under the influence of alcohol or drugs, Sergeant Fontenot indicated on the DC-27 that Juenemann com-

mitted a traffic infraction, smelled of alcohol, had bloodshot eyes and poor balance or coordination, failed field sobriety tests, and admitted consuming alcohol. Additionally, Sergeant Fontenot specified that Juenemann refused to take a preliminary breath test and "stated she drank too much to pass it."

Juenemann timely requested an administrative hearing. Following the hearing, the administrative hearing officer issued an order affirming the suspension and finding, among other things, that "[t]he test results indicated that the respondent had an alcohol concentration of .150 or greater in the respondent's breath."

Juenemann then filed a petition for judicial review in the district court, raising several issues: (1) The certifying officer lacked reasonable grounds to believe Juenemann was operating a vehicle while under the influence of alcohol or drugs, or both, prior to requesting a chemical test; (2) the testing procedures used did not substantially comply with required administrative procedures; (3) the test result of .15 or greater was invalid due to the failure to follow testing protocol; (4) the certifying officer failed to personally serve Juenemann with the DC-27; and (5) the hearing order was "fatally defective" because it was inaccurate as to the occurrence date and the administrative hearing date.

Several months after Juenemann filed her petition for review, the district court proceedings took an odd procedural turn when Juenemann filed a motion entitled "Motion to Dismiss Driver's License Suspension and to Reinstate Driving Privileges." Although Juenemann had asserted in her petition for review that the district court had jurisdiction to review the matter, in her motion she argued the KDOR and the district court lacked subject matter jurisdiction because the hearing order contained a finding that exceeded the scope of review of the administrative hearing.

Specifically, Juenemann argued K.S.A. 2007 Supp. 8-1020(h)(2)(G) permits review only of whether "the test result determined that the person had an alcohol concentration of .08 or greater in such person's breath." Juenemann reasoned that the KDOR hearing officer thus lacked jurisdiction to "issue the finding" that Juenemann's breath alcohol concentration was .150 or greater. Consequently, Juenemann reasoned the final order sus-

pending her driver's license should be "set aside for lack subject matter jurisdiction."

Following a trial, the district court issued a journal entry which first considered and rejected each of Juenemann's substantive issues. The court found: (1) Sergeant Fontenot had reasonable grounds to believe Juenemann was operating a vehicle while under the influence of alcohol; (2) the chemical breath test was properly administered; (3) the test result of .226 was valid; (4) Juenemann was personally served with the DC-27; and (5) the hearing order was not fatally defective.

However, after rejecting Juenemann's substantive arguments, the court then stated that Juenemann had "posed an interesting legal issue," *i.e.*, that "there is no statutory procedure created to review the issuance of suspensions" for test results of .15 or greater. Citing *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 148 P.3d 538 (2006), and *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 630, 176 P.3d 938 (2008), the district court agreed with Juenemann that the issue was one of "subject matter jurisdiction." The court concluded: "Based upon the above law that Mr. Shultz [counsel for the KDOR] helped to create, the Court is forced to agree with Plaintiff. The Administrative Judge did not have jurisdiction to issue a 1 year suspension of the Plaintiff's license."

## I. The District Court Erred in Granting Juenemann's Motion to Dismiss and Reversing the Suspension of Her Driver's License.

In this appeal of the dismissal of the order suspending Juenemann's driver's license, the KDOR argues the district court erroneously held the administrative hearing officer lacked jurisdiction to issue a 1-year suspension of Juenemann's license. The KDOR's rationale is confusing, but it appears the gist of its argument is that the district court erred in finding the legislature's failure to reference the enhanced penalty in K.S.A. 2007 Supp. 8-1020(h) requires dismissal of the KDOR's suspension of Juenemann's license. Instead, the KDOR suggests that when the implied consent statutes are read *in pari materia*, it is clear the legislature intended to enhance the penalty for driving under the influence when a driver's breath or blood alcohol test result is .15 or greater.

Whether jurisdiction exists is a question of law over which we exercise unlimited review. *Harsch v. Miller*, 288 Kan. 280, 286, 200 P.3d 467 (2009). Similarly, we exercise unlimited review in interpreting statutes. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009).

## A. *Nature of Relief Requested*

Initially, we struggle procedurally with the nature of this case on appeal. As noted, Juenemann sought review of the agency's suspension order, yet Juenemann then filed a motion to dismiss the suspension based upon the lack of "subject matter jurisdiction" before both the administrative hearing officer and the district court.

It appears to us that neither party detected the procedural flaw in this motion. Namely, while it may have been appropriate to file a motion to dismiss the suspension at either the administrative hearing level or in the district court, the basis for the motion, *i.e.*, a lack of subject matter jurisdiction, did not permit the relief requested.

Clearly, an administrative hearing officer is permitted, after a hearing, to enter an order either affirming the order of suspension or dismissing the administrative action for "good cause appearing therefor." K.S.A. 2007 Supp. 8-1020(m). Further, in an appeal of the administrative decision, the district court is authorized to determine whether the petitioner is entitled to driving privileges or whether petitioner's driving privileges are subject to suspension or suspension and restriction under the provisions of the act. K.S.A. 2007 Supp. 8-1020(p).

However, the basis for Juenemann's motion to dismiss the suspension of her driving privileges was that the hearing officer and the district court lacked *subject matter jurisdiction* to review whether her breath test resulted in a blood alcohol level of .15 or greater. Juenemann correctly pointed out that our Supreme Court has held that 8-1020(h) limits the scope of review of the agency and the district court to the issues specified in that section. See *Martin*, 285 Kan. at 628; *Bruch*, 282 Kan. at 773. Juenemann then argued that because K.S.A. 2007 Supp. 8-1020(h)(2)(G) permits

review only based upon whether "the test result determined that the person had an alcohol concentration of .08 or greater in such person's breath," neither the agency nor the district court had authority to review that issue.

Taking Juenemann's argument at face value requires that we reverse the district court's decision dismissing the suspension of her driving privileges for lack of subject matter jurisdiction. While the caption of Juenemann's motion sought dismissal of her "driver's license suspension," she argued in the body of the motion that the court lacked subject matter jurisdiction to find that the result of Juenemann's breath alcohol test was .15 or greater. Assuming the court agreed, it was required to *dismiss that particular issue as being outside the scope of its review*. It was not entitled, however, to dismiss the suspension.

The language utilized by the district court in dismissing the suspension reveals the flaw in its analysis. The court ultimately concluded that "[t]he Administrative Judge did not have jurisdiction to *issue* a 1 year suspension of the Plaintiff's license." (Emphasis added.) In fact, the administrative judge did not *issue* the order of suspension. Instead, the administrative judge's role was to *review* the agency's suspension order within the confines of its scope of review, as specified in K.S.A. 2007 Supp. 8-1020(h).

Moreover, because the district court incorrectly classified this issue as one of subject matter jurisdiction, which can be decided at any time, it failed to consider that Juenemann was raising a new issue in her appeal to the district court. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 410, 204 P.3d 562 (2009) (failure to raise issue at administrative hearing bars a district court from reviewing that *particular issue*).

For these reasons, we conclude the district court erred in invalidating Juenemann's license suspension.

B.  *Scope of Review under K.S.A. 2007 Supp. 8-1020(h)(2)(G)*

Further, even if we were faced with a proper challenge to the scope of review under K.S.A. 2007 Supp. 8-1020(h)(2)(G), we do not agree that this section limits review as suggested by Juenemann.

As the KDOR points out, the statute outlining the penalties for a test refusal or test failure, K.S.A. 8-1014, was amended effective July 1, 2007, to provide increased penalties when a driver's blood or breath test results in an alcohol concentration of .15 or greater. L. 2007, ch. 181, sec. 5. At the same time, the legislature amended the statute requiring oral and written notice to require that the individual be informed of the increased penalties. L. 2007, ch. 181, sec. 3; K.S.A. 2007 Supp. 8-1001(k).

However, the legislature did not amend 8-1020(h)(2), which limits the scope of an administrative hearing on a license suspension in the case of a test failure. See *Martin*, 285 Kan. at 631 (list contained in 8-1020(h)(2)(A)-(H) is clear, unambiguous, and exclusive). Instead, K.S.A. 2007 Supp. 8-1020(h)(2)(G) continues to permit review of whether "the test result determined that the person had an alcohol concentration of .08 or greater in such person's breath."

Nevertheless, we need look no further than the language of the statute itself to determine the scope of the statute. As the KDOR points out, when the penalties were increased in 2007, K.S.A. 2007 Supp. 8-1020(h)(2)(G) did not require amendment because it already permitted consideration of a test failure of ".08 *or greater.*" Giving ordinary words their ordinary meaning, we conclude a test result of .08 or greater necessarily includes a test result of .15 or greater. See *State v. Stallings*, 284 Kan. 741, 742-43, 163 P.3d 1232 (2007) (in interpreting a statute, appellate court must give effect to the legislature's intent as expressed through the language selected for the statute; if statute is clear and unambiguous, there is no need to attempt statutory interpretation).

Here, Juenemann's breath test result was .226, which was punishable under the increased penalties of K.S.A. 2007 Supp. 8-1014(b)(2). Juenemann was served with a notice of suspension indicating that her test result showed an alcohol concentration of .08 or greater in her blood or breath, and referring to the attached Intoxilyzer report, which verified her result of .226. Further, the reverse side of the DC-27 notified Juenemann of the increased penalties for a failed test result of ".15 or above" depending upon the number of prior occurrences, if any. Finally, we note that the

district court considered and rejected the merits of Juenemann's arguments seeking reversal of the suspension of her license.

Under these circumstances, we conclude Juenemann was fully informed under the applicable implied consent statutes, and we therefore reverse the district court's decision reversing the suspension of Juenemann's license and remand to the district court with directions to enter judgment affirming the administrative suspension. See *Rivera v. Kansas Dept. of Revenue*, 41 Kan. App. 2d 949, 955, 206 P.3d 891 (2009).

Reversed and remanded to the district court to enter judgment affirming the administrative suspension.