NOT DESIGNATED FOR PUBLICATION

No. 113,306

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEMONT S. HOPSON,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed February 5, 2016. Affirmed.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., PIERRON, J., and WALKER, S.J.

*Per Curiam*:  Demont S. Hopson appeals the district court's summary denial of his K.S.A. 60-1507 motion. Hopson claims the district court erred in denying his motion without an evidentiary hearing. Finding no error, we affirm.

On June 23, 2004, Hopson was convicted by a jury of possession of cocaine with intent to sell and no tax stamp. On July 21, 2004, the district court imposed a controlling sentence of 154 months' imprisonment. Hopson appealed his convictions and sentence

1

and argued that the district court erred when it:  (1) admitted opinion testimony of the arresting officer that violated his rights under the Confrontation Clause; (2) allowed the State to amend the complaint to change the severity level of the cocaine charge; and (3) used prior convictions to enhance his sentence. This court affirmed Hopson's convictions and sentence on October 27, 2006. *State v. Hopson*, No. 93,543, 2006 WL 3056472, *1 (Kan. App. 2006) (unpublished opinion), *rev. denied* 283 Kan. 932 (2007).

Hopson subsequently filed a K.S.A. 60-1507 motion attacking his convictions on three grounds:  (1) he was denied the right to confront the witnesses against him when one of the officers involved in his arrest did not testify but had his report admitted through the testimony of another officer; (2) a second officer involved in his arrest perjured himself by falsely testifying about the evidence collected from Hopson's vehicle; and (3) his trial counsel was ineffective for failing to object to this testimony. *Hopson v. State*, No. 101,135, 2009 WL 3378211, *1, (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1093 (2010). The district court summarily denied the motion. 2009 WL 3378211, at *1. This court affirmed the summary denial of the motion on October 16, 2009. 2009 WL 3378211, at *1.

On October 21, 2014, Hopson filed his second K.S.A. 60-1507 motion, which is at issue in this appeal. In this motion, Hopson argued that his due process rights were violated because the State suppressed exculpatory evidence. Specifically, Hopson alleged that the State withheld the complete results of his fingerprint analysis of the baggies in which the cocaine was found. Hopson argued there was insufficient evidence to support his conviction of cocaine possession because the results of the fingerprint analysis showed he never had physical control of the cocaine.

On November 24, 2014, the district court summarily denied Hopson's motion. The district court signed a motion minutes sheet that stated:  "Defendant has failed to assert

any basis for relief under KSA 60-1507. Defendant's arguments are factual issues that were or should have been brought by direct appeal." Hopson timely appealed.

On appeal, Hopson argues that the district court erred by not granting him an evidentiary hearing on his motion. Hopson reasserts the argument that he made in his motion that his due process rights were violated because the State failed to provide exculpatory evidence regarding fingerprint analysis of the baggies in which the cocaine was found. Hopson also argues, for the first time on appeal, that his trial counsel was ineffective for failing to investigate the lack of fingerprint evidence.

The State responds by claiming that Hopson is not entitled to relief because his motion was untimely and successive. The State also argues that Hopson's motion is without merit because it is based on a mischaracterization of the testimony at Hopson's trial. The State asserts that the fingerprint examiner testified at Hopson's trial that no fingerprints could be found on the baggies holding the cocaine, and it was possible that a number of people could have handled the baggies. This testimony belies Hopson's claim that the State withheld exculpatory evidence about the results of the fingerprint analysis.

The district court summarily denied Hopson's K.S.A. 60-1507 motion without holding a hearing. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The district court denied Hopson's motion, finding that his arguments were "factual issues that were or should have been brought by direct appeal." Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 271) provides that a proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal unless exceptional circumstances excuse the failure to appeal. "Exceptional circumstances" have been

3

defined to include "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.'" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013).

Hopson is claiming that his due process rights were violated because the State suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). When a movant is alleging a *Brady* violation due to the withholding of exculpatory evidence, the movant can show exceptional circumstances for failing to raise the issue in a direct appeal if the movant can "persuad[e] the court that there was (1) ineffective assistance of trial counsel; (2) ineffective assistance of direct appeal counsel; or (3) newly discovered evidence or an unforeseeable change in circumstances or constitutional law unknown to counsel and the movant at the time of trial and direct appeal." *Wilkins v. State*, 286 Kan. 971, 989, 190 P.3d 957 (2008).

Hopson alleges on appeal that his trial counsel was ineffective for failing to investigate the lack of fingerprint evidence. However, Hopson did not make this claim in district court. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Hopson has not argued in district court or on appeal that he received ineffective assistance of his direct appeal counsel. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

Newly discovered evidence may provide exceptional circumstances for failing to raise an issue on direct appeal. See *Wilkins*, 286 Kan. at 989. Hopson does not enlighten us as to when he supposedly discovered the alleged *Brady* violation that forms the basis of his current motion. If Hopson truly discovered a *Brady* violation after his direct appeal, such a violation could form the basis for his claim for relief. But because Hopson does not inform us as to when he discovered the alleged *Brady* violation, the district court did not err by finding that Hopson's claim could have been brought on direct appeal.

4

In any event, upon a review of the record, it is evident that Hopson's claim that the State withheld the results of the fingerprint analysis is baseless. Hopson received two jury trials in this case. His first trial resulted in a mistrial due to a hung jury. During the first trial, the latent fingerprint examiner assigned to the case testified that she did not find any latent prints on the baggies. On cross-examination, Hopson's trial counsel confirmed that she did not even find a partial print on the baggies. During closing argument, Hopson's trial counsel emphasized the lack of fingerprints to the jury stating:

> "And that fingerprint examiner said, 'Not only were the results negative, I didn't find any usable fingerprints.' She found nothing on the bag. Therefore, Mr. Hopson can be excluded as the contributor of the bag because he has to have left something behind if he is handling it with his bare hands."

At Hopson's second trial, the latent fingerprint examiner again testified that she did not find any latent prints on the baggies. Hopson's trial counsel, who was also his counsel at the first trial, elected not to discuss the lack of fingerprints in his closing argument at the second trial.

The record refutes Hopson's claim that the State withheld the results of the fingerprint analysis of the baggies in which cocaine was found. The record also refutes Hopson's claim that his trial counsel did not investigate the lack of fingerprint evidence. Hopson cannot argue that the latent fingerprint evidence is newly discovered evidence that was unknown to him or his counsel at the time of trial and direct appeal. Clearly, Hopson and his attorney were aware that no fingerprints could be found on the baggies holding the cocaine, and this evidence supported Hopson's defense at his trials.

The motion, files, and records of the case conclusively establish that Hopson is not entitled to any relief. Under these circumstances, the district court did not err in summarily denying his motion. See Supreme Court Rule 183(f) (2015 Kan. Ct. R. Annot.

5

271); *Sola-Morales*, 300 Kan. at 881. The district court's decision will be upheld if it is correct for any reason. *Rivera v. Kansas Dept. of Revenue*, 41 Kan. App. 2d 949, 956, 206 P.3d 891 (2009). Because we conclude that the district court did not err in summarily denying Hopson's K.S.A. 60-1507 motion, we need not address the State's claims that the motion should have been dismissed as untimely and successive.

Affirmed.